FILED
SUPERIOR COURT
OF GUAM

2020 APR -6 PM 3: 41

CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | Criminal Case No. CF0040-19 |
| | GPD Report No. 19-02143 |
| Plaintiff, | |
| v. | **DECISION AND ORDER** |
| ROBERT LUCIO, | |
| *aka* Robert Lusio | |
| DOB: 01/18/1982 | |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on February 21, 2020 for hearing on Defendant Robert Lucio's ("Defendant") Motion *In Limine* to Exclude Defendant's Alleged Statements as Irrelevant Evidence and Improper Propensity Evidence ("Motion"). Defendant appeared with Assistant Public Defender Earl Anthony V. Espiritu. The People are represented by Assistant Attorney General Sean E. Brown. After considering the arguments of the parties and the applicable law, the Court now issues this Decision and Order and **GRANTS** Defendant's Motion.

### BACKGROUND

On February 5, 2019, a grand jury returned an Indictment against the Defendant charging him with: two charges of Aggravated Assault (as a Third Degree Felony) with the

Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony and one charge of Assault (as a Misdemeanor). Indictment at 1-3. Defendant filed his Motion on January 31, 2020, seeking to exclude evidence of alleged statements that Defendant slapped two people the same night of the incident in question. Mot. at 2-3. The People filed their opposition on February 4, 2020, arguing Defendant's alleged admissions are highly relevant as they tend to negate any claim of self-defense and show Defendant's mental state. People's Response to Defendant's Motion ("Opposition") at 2. The Court held a hearing on the matter, at which point the Court took the matter under advisement. Min. Entry (Feb. 21, 2020).

## DISCUSSION

Defendant poses three grounds for exclusion of the alleged slap: first, the evidence is irrelevant and should be excluded under Guam Rule of Evidence ("GRE") 401; second, the evidence is more prejudicial than probative and should be excluded under GRE 403; third, the evidence constitutes improper propensity evidence and should be excluded under GRE 404. Mot. at 2-3. The Court finds while the evidence is relevant, the probative value of the evidence is substantially outweighed by its prejudicial effect.

**A.      The alleged slap constitutes relevant evidence.**

Defendant argues that the alleged slap is not relevant to the charges here because Defendant is accused of "allegedly striking, or attempting to strike, the alleged victims with a machete." Mot. at 2. Defendant asserts nothing in discovery or the magistrate's complaint indicates that the individuals slapped were the victims and that the alleged slap is, generally, not related to the accusation of attacking someone with a machete. *See id.* at 2-3. The People argue the incident is relevant to "the mental state of the Defendant at the time of the incident." Opposition at 2.

In order for evidence to be relevant, it must have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." GRE 401. Here, the People argue they anticipate Defendant will raise a self-defense claim. Opposition at 2. Considering Defendant has indicated he will defend upon, *inter alia*, justification under 9 G.C.A Chapter 7, the People bear the burden of disproving any claim of self-defense. Defendant's Witness List & Statement at 1; *see People v. Gargarita*, 2015 Guam 28 ¶ 17. Assuming the People can show that the persons involved in the alleged slap incident are the same as the victims, evidence that Defendant may have been the initial aggressor in this altercation would be highly relevant to such a claim.

Therefore, the Court finds such evidence to be relevant under GRE 401.

**B.     The probative value of the alleged slap is substantially outweighed by its prejudicial effect.**

Next, Defendant argues the evidence in question "will simply confuse the issue and mislead the jury, as the Defendant is not charged for that particular offense and there is no evidence that the alleged victims in this case were even involved in the alleged slapping incident." Mot. at 3.

Even though evidence may be relevant, it may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." GRE 403. Here, the People have charged Defendant with assault involving a machete, but the evidence in question involves assault without a weapon. This incident's probative value is substantially outweighed by the danger of confusing the jury. If offered, the jury may have a tendency to convict Defendant on the basis of this incident rather

than the incident involving the machete. The Court finds this to be a sufficient basis to exclude evidence of the alleged slap. Having found a sufficient basis for the exclusion of the evidence, the Court finds further analysis on whether the evidence should be excluded under GRE 404(b) to be unnecessary.

### CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Defendant's Motion. The Court will hold a pre-trial conference on May 12, 2020 at 3:00pm.

**IT IS SO ORDERED** on this 6th day of April, 2020.



**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**